UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324 FRINGE
BENEFIT FUNDS and TRUSTEES OF THE
OPERATING ENGINEERS' LOCAL 324 FRINGE
BENEFIT FUNDS,                                                    Case No. 20-10323

        Plaintiffs,

v.

RIETH-RILEY CONSTRUCTION CO., INC.

        Defendant.
_____/

Jeffrey M. Lesser (P33298)
Attorney for Plaintiffs
30300 Northwestern Highway, Suite 320
Farmington Hills, Michigan  48334
(248) 785-5225
lesser@jeffreymlesser.com
_____/

## COMPLAINT

NOW COME Plaintiffs to complain against Defendant as follows:

PARTIES, JURISDICTION AND VENUE

1.  Plaintiffs, Operating Engineers' Local 324 Fringe Benefit Funds (the "Funds"), are jointly-administered trust funds established pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended (the "L. M. R. A."), 29 U. S. C. § 186, and are administered in Bloomfield Township and Troy, Oakland

County, Michigan.  The Funds consist of the Operating Engineers' Local 324 Health Care Plan, Operating Engineers' Local 324 Pension Fund, Operating Engineers' Local 324 Retiree Benefit Fund, Operating Engineers' Local 324 Vacation and Holiday Fund, Operating Engineers' Local 324 Supplemental Vacation Fund, Operating Engineers' Local 324 Journeyman and Apprentice Training Fund, Operating Engineers' Local 324 Labor-Management Education Committee, and Operating Engineers' Local 324 Defined Contribution Pension Plan.

      2.  The Funds are multiemployer employee benefit plans within the meaning of Section Three of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U. S. C. § 1002.  The Funds are administered by joint Boards of Trustees, half of whom are Employer Trustees appointed by associations of contributing employers and half of whom are Union Trustees appointed by Operating Engineers Local 324 (the "Union").

      3.  Plaintiff Trustees of the Funds, who reside in the State of Michigan, are officially designated and are by law invested with management and control of the Funds, in compliance with Section 302 of the L. M. R. A., 29 U. S. C. § 186, and appear in this action as representatives of the participants and beneficiaries of the Funds.

      4.  Defendant is an Indiana corporation with a principal place of business in Goshen, Indiana, which performs road construction work in Michigan.

5. Defendant is, or was at all relevant times, in an industry affecting commerce within the meaning of Section Four of ERISA, 29 U. S. C. § 1003 and Section 301 of the L. M. R. A., 29 U. S. C. § 185.

6. Jurisdiction of this Court is predicated on Section 502 of ERISA, 29 U. S. C. § 1132 and Section 301 of the L. M. R. A., 29 U. S. C. § 185, in this action to enforce provisions of multiemployer benefit plans representing employees in an industry affecting commerce.

7. Venue is proper in this District pursuant to Section 502(e)(2) of ERISA, 29 U. S. C. §1132(e)(2), as the Funds are administered, the breach took place and Defendant may be found in this District.

## CLAIM FOR DAMAGES

8. Plaintiffs reallege paragraphs 1-7 inclusive of this Complaint and incorporate the same herein by reference.

9. During all periods relevant to this action, Defendant has been party to a collective bargaining agreement (hereinafter individually and collectively referred to as the "collective bargaining agreement" or the "agreement") with the Union, a labor organization representing employees in an industry affecting commerce.

10. Under the collective bargaining agreement, Defendant agreed to be bound by the Agreements and Declaration of Trust ("Trust Agreements")

3

governing operations of the Funds, and all related agreements, rules, regulations, reporting forms and other requirements adopted by the Trustees of the Funds, including in the enforcement and collection of fringe benefit contributions.

11. During all periods relevant to this action Defendant has been an "employer" or "contributing employer" with respect to the Funds. For instance, under the Trust Agreements of the Operating Engineers Local 324 Health Care Plan, Operating Engineers Local 324 Pension Fund, Operating Engineers' Local 324 Retiree Benefit Fund, Operating Engineers' Local 324 Vacation and Holiday Fund, Operating Engineers' Local 324 Journeyman and Apprentice Training Fund, and Operating Engineers' Local 324 Defined Contribution Pension Plan, Defendant is an employer or contributing employer because it is an "Employer engaged in work coming within the jurisdiction of the Union who contributes to the Trust Fund or who is obligated by a collective bargaining agreement, or other written agreement, to make Contributions to the Trust Fund."

12. Pursuant to the collective bargaining agreement, Defendant agreed to make periodic payments to the Funds (hereinafter "contributions or "fringe benefit contributions") at specified rates "for each hour paid each employee doing work covered by [the] Agreement."

13. Pursuant to the collective bargaining agreement, Defendant agreed to pay contributions remitted with standard contribution forms by the fifteenth day of

4

the month following the month in which hours were worked requiring such contributions.

14. Pursuant to the collective bargaining agreement, when such submission of payments and contribution forms described above are not made in a timely manner, Defendant agreed to pay liquidated damages and interest on contributions from dates they are due, and interest on liquidated damages from the dates they are assessed, along with attorney's fees and costs incurred in enforcing Defendant's obligations to the Funds, and interest on attorney's fees and costs from the dates they are incurred, with liquidated damages assessed at the greater of a flat ten percent or eighteen percent annual rate and interest assessed at a twelve percent annual rate.

15. Pursuant to the collective bargaining agreement, Defendant agreed to maintain accurate books and records of work of its employees covered by the agreement ("covered work") and to permit inspection and audit, at the discretion of the Funds, of all books and records necessary to determine whether Defendant was making all contributions required by the collective bargaining agreement or any other purpose deemed appropriate, and to pay all unpaid contributions disclosed in an audit, plus liquidated damages if the audit determined delinquencies in contributions. Records subject to audit expressly include payroll records of all employees, regardless of craft or occupation, and records relating to transactions

with subcontractors, along with all other records that the Funds reasonably request.

16. Defendant was party to an agreement between the Union and the Michigan Infrastructure and Transportation Association ("MITA"), which expired on May 31, 2018.

17. During the 20 months from June 1, 2018 through the present, Defendant has acted as if the expired collective bargaining agreement continued in effect by demonstrating an intent to abide by and continue to be bound by the agreement and engaging in a course of conduct that constituted adoption of the expired collective bargaining agreement through compliance with its explicit terms, while electing to receive the benefit of employees continuing to work for Defendant on its road construction projects in Michigan under the collective bargaining agreement and the Trust Agreements of the Funds. This conduct included Defendant taking the following action pursuant to the collective bargaining agreement:

    a. Paying contributions for every month from June 2018 onward for employees performing covered work.

    b. Paying contributions under the terms of the expired agreement at the exact rates specified in the agreement per hour for each hour paid each employee doing work covered by the agreement every month from June 2018 onward, with exceptions for some employees beginning with August 2019 work.

   c. Increasing the amount of contributions to the Operating Engineers Local 324 Pension Fund at required intervals, pursuant to the Pension Fund's Rehabilitation Plan.

   d. Reporting names of Defendant's employees, their Social Security numbers and hours and wages to the Funds for every month from June 2018 onward on Remittance Reports supplied by the Funds, designating the expired MITA Road Agreement as applicable to Defendant.

   e. Certifying monthly that every Remittance Report accurately identified employees performing work covered under the applicable collective bargaining agreement for every month from June 2018 onward.

   f. Affirming monthly that Defendant is bound by all terms of payment to the Funds as set forth in applicable collective bargaining agreements between the Union and employer associations and to all terms of the Trust Agreements of the Funds for every month from June 2018 onward.

   g. Withholding money from paychecks of Defendant's employees in amounts required under the collective bargaining agreement for payment to the Operating Engineers Local 324 Vacation and Holiday Fund for every month from June 2018 onward.

  18. On October 1, 2019, the Funds through their auditors requested Defendant to produce records for an audit of Defendant.  In response, Defendant

produced some records but refused to produce other requested records, including payroll information on all employees, Federal and Michigan tax forms, documents relating to transactions with subcontractors and information on Defendant's jobs and equipment and work performed on them.

19. Defendant maintains indebtedness to the Funds for work performed by its employees from August 1, 2019 onward when Defendant began selectively paying contributions for some but not all of its employees performing covered work. Defendant may owe additional money to the Funds based on other work performed by employees of Defendant or work of its subcontractors, the amount of which can only be determined through Defendant producing records that the Funds requested to enable completion of the requested audit.

20. Independent of liability of Defendant for unpaid fringe benefit contributions, information about Defendant's subcontractors that agreed to comply with obligations to the Funds under the collective bargaining agreement will enable the Funds to determine if Defendant's subcontractors maintain indebtedness to the Funds.

21. In addition to Defendant's obligations under the collective bargaining agreement, it maintains obligations to the Funds under Section 502 of ERISA, 29 U. S. C. §1132(g)(2), which provides that when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to enforce

the terms of fringe benefit funds, the Court shall award any unpaid contributions, interest on the unpaid contributions, the greater of interest on unpaid contributions or liquidated damages provided for by the funds in an amount not to exceed twenty percent of the unpaid contributions, and reasonable attorney's fees and costs of the action, as well as all legal or equitable relief as the Court deems appropriate.

22. Defendant and any successor in interest to or alter ego of Defendant maintains obligations to:

a. Produce all books and records necessary for the Funds to complete their audit to determine amounts Defendant and its subcontractors owe for covered work from dates requested through the date of the audit, including payroll records of all employees who worked in the State of Michigan, documents on subcontracts, information on Defendant's individual road construction projects, and work performed on such projects and on pieces of equipment.

b. Pay the Funds all amounts determined to be owing as disclosed in an audit or other means.

c. Maintain accurate and complete records of covered work of its employees and records relating to subcontractors, file timely and accurate contribution reports with the Funds, remit required fringe benefit contributions in a timely manner and otherwise ensure Defendant's compliance with its obligations to the Funds as set forth in any collective bargaining agreement to which

9

Defendant or any successor to Defendant is bound requiring payment of contributions to the Funds during all periods through the present and all periods in the future in which Defendant or its successors are obligated to do so.

      d. Pay the Funds all attorney's fees, audit fees and other costs incurred by the Funds in connection with pursuing Defendant's compliance with its obligations to the Funds in any manner, whether incurred before or after judgment, without separate application to the Court.

      e. Pay the Funds interest on fringe benefit contributions determined to be owing from the dates they became or become due, the greater of liquidated damages or interest on unpaid fringe benefit contributions, interest on liquidated damages on untimely paid contributions determined to be owing from the dates they are assessed and interest on attorney's fees and costs from the dates they are incurred by the Funds, with liquidated damages accrued at the flat ten percent or eighteen percent annual rates used by the Funds and interest accrued at the twelve percent annual rate used by the Funds, in accordance with 29 U. S. C. §1132(g)(2)(B) and (C).

    WHEREFORE, Plaintiffs pray for this Honorable Court to issue a judgment commanding Defendant and any successor in interest to or alter ego of Defendant to:

1. Produce all books and records necessary for the Funds to determine amounts Defendant and its subcontractors owe for covered work from dates requested through the date of the audit, including payroll records of all employees who worked in the State of Michigan, documents on subcontracts, information on Defendant's individual road construction projects, and work performed on such projects and on pieces of equipment.

2. Pay the Funds all amounts determined to be owing as disclosed in an audit or other means.

3. Maintain accurate and complete records of covered work of its employees, file timely and accurate contribution reports with the Funds, remit required fringe benefit contributions in a timely manner and otherwise ensure Defendant's compliance with its obligations to the Funds as set forth in any collective bargaining agreement to which Defendant or any successor to Defendant is bound requiring payment of contributions to the Funds during all periods through the present and all periods in the future in which Defendant or its successors are obligated to do so.

4. Pay the Funds all attorney's fees, audit fees and other costs incurred by the Funds in connection with pursuing Defendant's compliance with its obligations to the Funds in any manner, whether incurred before or after judgment, without separate application to the Court.

5. Pay the Funds interest on fringe benefit contributions determined to be owing from the dates they became or become due, the greater of liquidated damages or interest on unpaid fringe benefit contributions, interest on liquidated damages on untimely paid contributions determined to be owing from the dates they are assessed and interest on attorney's fees and costs from the dates they are incurred by the Funds, with liquidated damages accrued at the flat ten percent or eighteen percent annual rates used by the Funds and interest accrued at the twelve percent annual rate used by the Funds, in accordance with 29 U. S. C. §1132(g)(2)(B) and (C).

Respectfully submitted,

s/Jeffrey M. Lesser
Jeffrey M. Lesser (P33298)
Attorney for Plaintiffs
30300 Northwestern Highway, Suite 320
Farmington Hills, Michigan  48334
(248) 785-5225
lesser@jeffreymlesser.com

Dated:  February 7, 2020

C:\Users\Lesser\Desktop\clients\Rieth-Riley\ Complaint .doc